IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALETHA B. RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-312 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Houston Independent School District's Motion to Dismiss (Document No. 3). After carefully considering the motion, responses, and the applicable law, the Court concludes that the motion should be granted.

I. Background

This is an employment retaliation case. *Pro se* Plaintiff Aletha B. Ray ("Plaintiff") was a teacher for Defendant Houston Independent School District ("HISD") at Isaacs Elementary School. In October 2008, Principal Gloria Nash ordered teachers and staff at Isaacs to work additional hours to make up for class time lost because of Hurricane Ike, which made landfall on September 13, 2008.[1]  On December 11, 2009, Plaintiff filed an HISD Dispute Resolution Form to recover additional wages for the extra time she

---

[1] Document No. 2 ¶¶ 5-8 (First Am. Petition).

worked making up for Hurricane Ike.[2]  Plaintiff alleges that Nash and others retaliated against her for filing the grievance by creating a hostile work environment and eventually terminating Plaintiff at the end of the school year.

Plaintiff received notice of her termination from HISD on March 24, 2009.[3] On March 25, 2009, Plaintiff filed an appeal to the Commissioner of the Texas Education Agency to "obtain an outside Hearing Officer."[4]  Then, on May 19, 2009, Plaintiff filed a "Level 3 Whistleblower Grievance" with HISD.[5] Because of HISD's "continuous denial and delays," Plaintiff sent a letter dated September 29, 2009 that terminated her grievance procedures

---

[2] Id. ¶ 10.

[3] In her First Amended Petition, Plaintiff claims that she received her termination letter on March 23, 2009. Id. ¶ 22. The letter is attached to her First Amended Petition. Id., App'x at 39-40. The letter contains a signature block that provides: "I RECEIVED A COPY OF THIS COMMUNICATION ON THE DATE INDICATED BELOW," which Plaintiff signed and dated March 24, 2009. Id., App'x at 40. Therefore, the Court will assume, in favor of Plaintiff, that she received the letter on March 24, 2009. See Walch v. Adjutant Gen.'s Dep't of Tex., 533 F.3d 289, 294 (5th Cir. 2008) (court's consideration of discharge letters, which "were explicitly referenced in the complaint, acknowledged in the answers, and attached to [plaintiff's] opposition to the Defendants' motion to dismiss . . . is consistent with our precedents"); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 376 (3d ed. 2004) ("Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim . . . items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned . . . .").

[4] Document No. 2 ¶ 24 & App'x at 49-50.

[5] Id. ¶ 25 & App'x at 55-60.

"effective October 2, 2009."[6]  On December 31, 2009, Plaintiff filed this case in Texas state court, which HISD removed.[7]  HISD now moves to dismiss Plaintiff's claims under the Whistleblower Act, Section 617.005 of the Texas Government Code, and Texas Constitution.

## II.  Discussion

### A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys.,

---

[6] Id. ¶ 34 & App'x at 93-96.

[7] In her Original Petition, Plaintiff asserted claims against HISD and Gloria Nash "In her Professional Capacity."  Document No. 1, ex. A at 1.  After removal, Plaintiff filed her First Amended Petition, in which she asserts claims only against HISD. *See* Document No. 2.

117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

B.  Texas Whistleblower Act

HISD asserts that Plaintiff's retaliation claim under the Texas Whistleblower Act is barred by the statue of limitations.[8] Plaintiff asserts that HISD cannot raise a statute of limitations defense in a motion to dismiss, but must raise the defense in a

---

[8] In her First Amended Petition, Plaintiff asserts two separate claims of retaliation under the Texas Whistleblower Act: (1) "Adverse Action: Count One--Whistleblower Act" and (2) "Adverse Action: Count Two--Retaliation."  Document No. 2 ¶¶ 38 & 40. However, both claims arise from Plaintiff's allegation that HISD violated the Act by taking an adverse employment action against her in retaliation for filing a wage claim with the Texas Workforce Commission ("TWC").  Accordingly, the Court will treat Counts One and Two as one retaliation claim under the Act.

motion for summary judgment.[9]  While summary judgment is generally the appropriate procedural device for asserting an affirmative defense like limitations, a court may apply the defense when it is clearly applicable from the Plaintiff's complaint.  *See, e.g.*, In re K.B.S., 172 S.W.3d 152, 153 (Tex. App.--Beaumont 2005, pet. denied) ("Unless affirmatively negated by the plaintiff's pleadings, an affirmative defense must be proven at trial or through summary judgment proceedings."); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d. ed. 2004) ("As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.").  Such is the case here.

Sections 554.005 and 554.006 of the Texas Government Code provide the statute of limitations for claims under the Texas Whistleblower Act.  Section 554.005 states:

> Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the 90th day after the date on which the alleged violation of this chapter:
>
> (1)   occurred; or
>
> (2)   was discovered by the employee through reasonable diligence.

---

[9] Document No. 4 (Plaintiff['s] Objection and Reply to Defendant['s] Motion to Dismiss).

Tex. Gov't Code § 554.005 (Vernon 2004).  Section 554.006 provides:

    (a)    A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

    (b)    The employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

        (1)    occurred; or

        (2)    was discovered by the employee through reasonable diligence.

    (c)    Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005.

    (d)    If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), the employee may elect to:

        (1)    exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or

        (2)    terminate procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

Tex. Gov't Code § 554.006 (Vernon 2004).

"When read together, sections 554.005 and 554.006 demonstrate that the time utilized by the plaintiff in following the grievance procedures is *tolled*."  <u>Castleberry Indep. Sch. Dist. v. Doe</u>,

35 S.W.3d 777, 781 (Tex. App.--Fort Worth 2001, dism'd w.o.j.) (emphasis added), *abrogated on other grounds by* Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835 (Tex. 2007). To seek relief under the Texas Whistleblower Act, a public employee must sue no more than 90 days after the alleged violation has occurred or was discovered with reasonable diligence. TEX. GOV'T CODE § 554.005. But before a public employee may sue, she must initiate grievance or appeal procedures. TEX. GOV'T. CODE § 554.006(a). "[T]he time utilized by the plaintiff in following the grievance procedures is tolled," and is thus excluded from the 90-day time limit to bring suit under section 554.005. Castleberry ISD, 35 S.W.3d at 781 (emphasis added). If grievance procedures do not produce a final decision in sixty days, the employee may elect to terminate the procedures and file suit. TEX. GOV'T CODE § 554.006(d)(2). Upon terminating her grievance, the "limitations period begins to run again, and [she] has the remainder of [her] untolled ninety days in which to file his lawsuit." Dallas Indep. Sch. Dist. v. Barfield, No. 05-01-01897-CV, 2002 WL 1788014 at *4 (Tex. App.--Dallas Aug. 5, 2002, no pet.). The purpose of tolling the limitations clock is to promote settlement: "the time spent in the grievance process was intended by the legislature to afford the employer the opportunity to correct its own errors before facing litigation; it was not intended to punish the employee." Id. (citing Castleberry ISD, 35 S.W.3d at 781-82).

Plaintiff's cause of action under the Texas Whistleblower Act accrued on March 24, 2009, when she received a notice of termination from HISD.  Univ. of Texas-Pan Am. v. De Los Santos, 997 S.W.2d 817, 820  (Tex. App.--Corpus Christi 1999, no pet. hist.) ("When determining the time a cause of action accrues in an unlawful employment discrimination case, the proper focus is on the time the employee learns of the allegedly discriminatory employment decision, not on the time when the consequences of that decision come to fruition.").  Plaintiff initiated grievance procedures on March 25, 2009, when she filed an appeal to the Commissioner of the Texas Education Agency ("TEA") to "obtain an outside Hearing Officer."[10]  HISD failed to render a final decision within sixty days, and Plaintiff eventually elected to terminate her grievance procedures "effective October 2, 2009."  Plaintiff filed this suit on December 31, 2009.  "Time used by the employee in acting under

---

[10] Document No. 2 ¶ 24 & App'x at 49-50.  The Plaintiff filed an appeal with the TEA on March 25, 2009, and later filed her "Level 3 Whistleblower Grievance" with HISD on May 19, 2009. "When it is unclear whether the employer has a post-termination grievance procedure, or it is unclear what the procedure is, and the terminated employees timely notify the employer that they are invoking the grievance procedure, terminated employees have adequately implicated the grievance procedures."  Univ. of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 775 (Tex. App.--Houston [1st Dist.] 1999, pet. dism'd w.o.j. ) (finding nurses' letter informing their employer of their grievances sufficiently put the employer on notice that the nurses were seeking some type of administrative relief).  Here, the Court need not decide whether Plaintiff started the grievance process on March 25th or May 19th because it is immaterial; in either scenario, Plaintiff failed to file this case within the untolled 90 days under Sections 554.005 and 554.006 of the Texas Government Code.

8

the grievance or appeal procedures is excluded" from the 90-day limitations period. TEX. GOV'T CODE § 554.006(c).

Plaintiff began "acting under" the grievance procedure on March 25th by filing her grievance that day. Thus, March 25 was the first of the tolled days, which continued so long as Plaintiff was utilizing or "acting under" the grievance procedure. After the State failed to render a decision within 60 days, Plaintiff terminated her grievance "effective October 2, 2009." Thus, because Plaintiff gave notice of termination and specified October 2nd as the "effective" first day she was no longer using time to act under the grievance procedure, her last day to have "used" time "in acting under" that procedure was October 1st.[11] Accordingly, the last of the tolled days was October 1, and October 2nd was the first non-tolled day of the 90-day statute of limitations period under section 554.005. The ninetieth non-tolled day was December 30, 2009, which was the last day Plaintiff was permitted to file suit under the Act. Plaintiff filed her suit one day late. Accordingly, it is clear from the face of Plaintiff's First Amended

---

[11] Section 554.005 requires the *counting* of days, because the employee must sue "not later than the 90th day after the date [of] the alleged violation. . . ." Section 554.006, in contrast, provides that "*time used* by the employee in *acting under* the grievance or appeal procedures is *excluded*," when counting days pursuant to § 554.005. Thus, § 554.006 requires not a *counting* of days but rather an *ascertainment* of *which* days, <u>i.e.</u>, the "time used," are to be *excluded* from the count. Those are the days "utilized," as Texas case law puts it, *see* <u>Castleberry</u>, 35 S.W.3d at 781, in the grievance procedure.

9

Petition that her claim under the Texas Whistleblower Act is barred under sections 554.005 and 554.006 of the Texas Government Code.

C.  Section 617.005 of the Texas Government Code

Plaintiff asserts that the District failed to protect her "rights to file a grievance" in violation of Texas Government Code § 617.005.[12]  Section 617.005 provides:

> This chapter does not impair the right of public employees to present grievances concerning their wages, hours of employment, or conditions of work either individually or through a representative that does not claim the right to strike.

TEX. GOV'T CODE § 617.005 (Vernon 2004).  Section 617.005 merely requires that government employers provide "*access* to those in a position of authority in order to air their grievances." Mullinax v. Texarkana Indep. Sch. Dist., No. 00-41061, 2001 WL 422731, at *3 (5th Cir. April 2, 2001) (quoting Corpus Christi Indep. Sch. Dist. v. Padilla, 709 S.W.2d 700, 707 (Tex. App.--Corpus Christi 1986, no writ hist.)) (emphasis added).  Section 617.005--formerly TEX. REV. CIV. STAT. art. 5154c, § 6[13]--does not create a private

---

[12] Document No. 2 ¶ 47.

[13] Section 6 of article 5154c states:

The provisions of the Act shall not impair the existing right of public employees to present grievances concerning their wages, hours of work, or conditions of work individually or through a representative that does not claim the right to strike.

10

cause of action for monetary damages.  *See* Bagg v. Univ. of Tex. Medical Branch at Galveston, 726 S.W.2d 582, 587 (Tex. App.--Houston [14 Dist.] 1987, writ ref'd n.r.e.) ("[W]e fail to see how this statute gives the representative any 'claim' for damages against the agency or individuals who allegedly retaliate against that representative."), *abrogated on other grounds by* City of Elsa v. M.A.L., 226 S.W.3d 390 (Tex. 2007); Russell v. Edgewood Indep. Sch. Dist., 406 S.W.2d 249, 251 (Tex. Civ. App.--San Antonio 1966, writ ref'd n.r.e.) (holding that independent school district cannot be sued for damages in tort under article 5154c).  Because money damages is the only remedy Plaintiff seeks, her claim under Section 617.005 of the Texas Government Code is dismissed.

D.   Violations of the Texas Constitution

Plaintiff also asserts that she is entitled to damages because HISD violated her civil rights under (1) Article I, Section 27 of the Texas Constitution, and (2) Article I, Section 19 of the Texas Constitution.[14]  The Texas Supreme Court has held that there is no implied private right of action for damages under the Texas Constitution when an individual alleges violations of speech and assembly rights under Article I, Sections 8 and 27 of the Texas Constitution.  City of Beaumont v. Bouillion, 896 S.W.2d 143, 146-

---

TEX. REV. CIV. STAT. ART. 5154c, § 6 (Vernon 1971).

[14] Document No. 2 ¶¶ 45 & 49.
11

50 (Tex. 1995).  Texas appellate courts have interpreted <u>Bouillion</u> to bar an implied private right of action for damages under Article I, Section 19 of the Texas Constitution.  *See, e.g.*, <u>City of Harlingen v. Obra Homes, Inc.</u>, No. 13-02-268-CV, 2005 WL 74121, at *9 (Tex. App.--Corpus Christi Jan. 13, 2005, no pet. hist.) ("Article one, section nineteen of the Texas Constitution creates no private right of action."); <u>Harrison v. Tex. Dep't of Criminal Justice-Institutional Div.</u>, 915 S.W.2d 882, 888 (Tex. App.--Houston [1st Dist.] 1995, no writ hist.) (finding no implied private right of action for money damages under Article I, Section 19 of Texas Constitution); <u>Jackson v. Houston Indep. Sch. Dist.</u>, 994 S.W.2d 396, 400 (Tex. App.--Houston [14th Dist.] 1999, no pet. hist.) (finding retired principal's claim for back pay was a claim for monetary damages, and thus was not recoverable under Article I, Section 19 of the Texas Constitution); *see also* <u>O'Bryant v. City of Midland</u>, 949 S.W.2d 406, 413-14 (Tex. App.--Austin 1997) (applying <u>Bouillion</u> to due process claim brought under Texas Constitution), *rev'd in part on other grounds*, 18 S.W.3d 209 (Tex. 2000).  Here, Plaintiff seeks only monetary, not equitable, relief. Accordingly, her claims under the Texas Constitution fail as a matter of law.

III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Defendant Houston Independent School District's Motion to Dismiss (Document No. 3) is GRANTED.  Plaintiff's claims against Defendant Houston Independent School District under the Texas Whistleblower Act (Counts One and Two), Section 617.005 of the Texas Government Code (Count Four), and the Texas Constitution (Count Five and part of Count Three) are DISMISSED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 21st day of June, 2010.

*[signature: Ewing Werlein, Jr.]*

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE