IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALETHA B. RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-312 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 18) and Plaintiff Aletha B. Ray's Motion to Dismiss Motion for Summary Judgment (Document No. 42).[1] After carefully considering the motions, responses, and the applicable law, the Court concludes that HISD's motion should be granted and that the case should be dismissed.

I. Background

This is an employment case in which *pro se* Plaintiff Aletha B. Ray ("Plaintiff") challenges the propriety of her termination as a probationary teacher for Defendant Houston Independent School

---

[1] Plaintiff's Motion to Dismiss Motion for Summary Judgment (Document No. 42) appears in substance to be a response to the Motion for Summary Judgment. As she advances no argument why the Court should strike the Motion for Summary Judgment, her Motion to Dismiss is DENIED, but its content is considered as an additional response to HISD's Motion for Summary Judgment.

District ("HISD"), at Isaac's Elementary School. Plaintiff was employed by HISD pursuant to a one-year probationary contract for the 2008-09 school year. On recommendation of the School District Superintendent, the HISD Board of Education terminated her one-year probationary contract effective at the end of the contract. The Superintendent gave her official notice of the Board's action by letter dated March 23, 2009, which she received the next day. Her last day of employment under the one-year probationary contract was May 29, 2009. In accordance with the Board of Education's decision, she did not receive a new probationary contract for the ensuing year.

By Memorandum and Order dated June 21, 2010, the Court dismissed Plaintiff's claims under the Whistleblower Act[2] and the Texas Constitution.[3] Plaintiff's sole remaining cause is a due process claim under 42 U.S.C. § 1983. Plaintiff alleges that HISD deprived her of her procedural due process rights under the Fourteenth Amendment when it declined to renew her one-year probationary contract.

---

[2] TEX. GOV'T CODE § 617.005 (Vernon 2004).

[3] Document No. 13.

## II. Discussion

### A. Summary Judgment Standard

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

B. <u>Analysis</u>

Plaintiff asserts a Fourteenth Amendment constitutional violation under section 1983 claiming that she "was entitled to receive due process because her *employment contract created a property interest in her continued employment with HISD, and the protected right was violated by HISD and TEA.*"[4] To establish a claim under 42 U.S.C. § 1983, the aggrieved party must first demonstrate the deprivation of a constitutional right or a right secured by law. <u>Baker v. McCollan</u>, 99 S. Ct. 2689, 2692 (1979). In order to succeed on a due process claim based on termination, the employee must demonstrate a protected property interest in

---

[4] Document No. 20 at 7 (emphasis in original).

continued employment. Cleveland Bd. of Educ. v. Loudermill, 105 S. Ct. 1487, 1491 (1985). Numerous federal courts applying Texas law have held as a matter of law that teachers working under a probationary contract do not have a property interest in employment beyond the term of that contract. See McCullough v. Lohn, 483 F.2d 34, 34 (5th Cir. 1973) ("[Plaintiff's complaint] makes no serious factual contention that as a probationary teacher he had such expectancy of re-employment . . . ."); see also Carey v. Aldine Indep. Sch. Dist., 996 F. Supp. 641, 651 (S.D. Tex. 1998) (Rosenthal, J.) (holding that a school district did not breach its employment contract when it informed a teacher in March that it would not renew her one-year employment contract); Ibarra v. Houston Indep. Sch. Dist., 84 F. Supp. 2d 825, 831 (S.D. Tex. 1999) (holding that a teacher did not have a protected property interest in her probationary employment contract because no state statute created a property interest, and the contract itself did not create a property interest because it expired on its own terms). The cases cited by Plaintiff are inapposite, because they involve employees who were terminated *during the term* of their employment contracts.[5] Plaintiff's employment was not terminated during her contract period; HISD merely chose not to renew her contract. She was therefore vested with no property interest in continued

---

[5] *See* Cleveland Bd. of Educ. v. Loudermill, 105 S. Ct. 1487 (1985); Coggin v. Longview Indep. Sch. Dist., 289 F.3d 326 (5th Cir. 2002); Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970).

5

employment after her probationary contract expired, and she sustained no violation of her Fourteenth Amendment procedural due process rights. HISD is entitled to summary judgment.

### III. Order

Based on the foregoing, it is

ORDERED that Defendant Houston Independent School District's Motion for Summary Judgment (Document No. 18) is GRANTED. Plaintiff Aletha B. Ray's due process claim under 42 U.S.C. § 1983 against Houston Independent School District is DISMISSED on the merits.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 8TH day of December, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE